FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 MAR -5  PM 3: 20

CLERK  C.Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| STEPHEN T. GRESHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION FILE NO. **CV312  019** _____ |
| | ) |
| CITY OF WRIGHTSVILLE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Stephen T. Gresham, the Plaintiff herein (hereinafter "Mr. Gresham"), and states his complaint against the Defendant, City of Wrightsville (hereinafter "the City) as follows, to wit:

### The Parties

1.

Mr. Gresham is a citizen of the United States and of the State of Georgia and he resides within Johnson County, Georgia. At all times material hereto, Mr. Gresham has been an "employee" as defined in 29 U.S.C. § 203(e)(2)(C).

2.

The City is a municipal corporation organized under the Constitution and laws of the State of Georgia. At all times material hereto, the City has been an "employer" as defined in 29 U.S.C. § 203(d), and an "enterprise engaged in commerce" as defined in 29 U.S.C. § 203(s)(1)(C), and a "public agency" as defined in 29 U.S.C. § 203(x).

**Jurisdiction and Venue**

3.

This Court has jurisdiction over the present action pursuant to Article 14, § 2 of the

United States Constitution and pursuant to 28 U.S.C. §§ 1331 and 1337, because this case arises

under 29 U.S.C.A. §§ 201 to 219, known as the Fair Labor Standards Act, a law of the United

States regulating interstate commerce (hereinafter the "FLSA").

4.

Venue properly lies in the Southern District of Georgia in accordance with 28 U.S.C. §

1391 because the City is located in this judicial district and all of the events giving rise to the

claims herein arose in this judicial district.

**Facts**

5.

In 1995, the City hired Mr. Gresham to be the Chief of the Wrightsville Police

Department. Mr. Gresham held that position until December 31, 2011, at which time he retired.

6.

At all times material hereto, the Wrightsville Police Department had a minimum of five

employees.

7.

Mr. Gresham's primary duties of his employment have been rescuing fire, crime and

accident victims; preventing and detecting crimes; conducting investigations and inspections for

violations of law; performing surveillance; pursuing, restraining and apprehending suspects;

detaining or supervising suspected and convicted criminals; interviewing witnesses; interrogating suspects; preparing investigative reports; and other similar work within the meaning of 29 C.F.R. §541(b)(1).

8.

At all times material hereto, Mr. Gresham has been a law enforcement employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in 29 U.S.C. §§206, 207(k).

9.

From the beginning of his employment until December of 2008, Mr. Gresham was paid at an hourly rate and was paid for the actual hours he worked.  All overtime pay he received was at his regular, hourly rate.  The City also had in place a 7 day work week and Mr. Gresham was paid weekly.

10.

In December of 2008, the City unilaterally, and over Mr. Gresham's objection, made the decision to stop paying Mr. Gresham for overtime and instead pay him comp time.  Furthermore, Mr. Gresham's wage was set at $19.66 per hour and he was paid at that rate for up to 40 hours per week.  Any hour Mr. Gresham worked above 40 hours in a week was credited to him as comp time.

11.

The pay arrangement described in paragraph 10 continued until March 5, 2009, at which time Mr. Gresham received a pay raise to $20.81 per hour.  Everything else remained the same

with respect to overtime.

12.

In June of 2009, Mr. Gresham asked the City for either a pay raise or to be paid for more hours. In response to that request the City allowed Mr. Gresham to be paid for up to 45 hours provided he worked that amount, with any hour worked over 45 being credited as comp time. Although it rarely occurred, if Mr. Gresham did not work the full 45 hours, then he was paid only for the number of hours worked. That arrangement continued until the end of Mr. Gresham's employment, during which time he received 645 hours of overtime that were paid to him as straight time.

13.

From January 1, 2009 through the end of his employment, Mr. Gresham accrued 1385 hours of comp time. During that time Mr. Gresham was allowed to cash out 70 hours of comp time at his straight time rate.

14.

On or about December 19, 2011, Mr. Gresham notified the City in writing that he was retiring effective December 31, 2011. After doing so Mr. Gresham asked the City how his unused comp time would be paid. The City denied that he was entitled to be compensated for any unused comp time.

15.

On or about January 30, 2012, Mr. Gresham sent the City a written ante litem notice requesting to be compensated for his unused comp time, a copy of which is attached as Exhibit

"A." The City refused to provide him any such compensation.

## Count I. Violation of the FLSA's Overtime Provisions

16.

Mr. Gresham incorporates by reference all of the allegations contained in paragraphs 1 through paragraphs 15.

17.

Since January 1, 2009, the City has willfully and repeatedly violated the FLSA by failing to compensate Mr. Gresham for time worked in excess of forty (40) hours. More specifically, Mr. Gresham shows that the 645 hours of overtime hours that the City did pay were at straight time rather than at the overtime rate required by 29 U.S.C. §207(o)(1). Because Mr. Gresham received only straight time in the amount of $13,422,45 when he should have received pay in the amount of $20,133.67, the City owes Mr. Gresham an additional $6,711.22 in unpaid wages

18.

The City's failure and refusal to comply with the FLSA in this regard is willful, in bad faith and has required Mr. Gresham to incur the trouble and expense of attorney's fees and expenses of litigation and he seeks an award of same.

## Count II. Violation of the FLSA's Computation of Comp Time

19.

Mr. Gresham incorporates by reference all of the allegations contained in paragraphs 1 through paragraphs 18.

20.

Contrary to the provisions of the FLSA, the City failed to credit Mr. Gresham's comp time at the appropriate hourly rate. Specifically, pursuant to 29 U.S.C. §207(o)(1), Mr. Gresham should have been credited comp time at the rate of 1.5 hours for every hour of overtime he worked rather than at the rate the City paid, which was at times both 1 hour of comp time for every hour over 40 that he worked or 1 hour of comp time for every hour over 45 he worked. Accordingly, the City is in violation of the FLSA and Mr. Gresham's comp time should be adjusted to reflect total comp time of 2077.5 (1385 hours multiplied by 1.5).

21.

Additionally, the City failed to properly compute the 70 hours of comp time Mr. Gresham cashed out, as it was paid at his straight time rate rather than the rate set forth in 29 U.S.C. § 207(o)(1). The City is indebted to Mr. Gresham in this regard in the amount of $728.35.

22.

The City's failure and refusal to comply with the FLSA in this regard is willful, in bad faith and has required Mr. Gresham to incur the trouble and expense of attorney's fees and expenses of litigation and he seeks an award of same.

**Count III. Violation of the FLSA for Allowing Accrual of Comp Time in Excess of Limits**

23.

Mr. Gresham incorporates by reference all of the allegations contained in paragraphs 1 through paragraphs 22.

24.

Contrary to the provisions of the FLSA, the City allowed Mr. Gresham to accrue more than 480 hours of comp time without providing him compensation as required by 29 U.S.C. §207(o)(2)(B) and 29 U.S.C. §207(o)(3).

25.

The City's failure and refusal to comply with the FLSA in this regard is willful, in bad faith and has required Mr. Gresham to incur the trouble and expense of attorney's fees and expenses of litigation and he seeks an award of same.

**Count IV.  Violation of the FLSA for Failure to Compensate for Unused Comp Time**

26.

Mr. Gresham incorporates by reference all of the allegations contained in paragraphs 1 through paragraphs 25.

27.

Upon the termination of his employment, Mr. Gresham was entitled to receive compensation for his unused comp time as provided in 29 U.S.C. §207(o)(4).   The City is indebted to Mr. Gresham for unused comp time in the amount of Forty Three Thousand Two Hundred Thirty Two and Dollars and Seventy Eight Cents ($43,232.78).

28.

The City's failure and refusal to comply with the FLSA in this regard is willful, in bad faith and has required Mr. Gresham to incur the trouble and expense of attorney's fees and expenses of litigation and he seeks an award of same.

## Count V.  Liquidated Damages

29.

Mr. Gresham incorporates by reference all of the allegations contained in paragraphs 1
through paragraphs 28.

30.

Mr. Gresham is entitled to liquidated damages in the amount of Fifty Thousand Six
Hundred Seventy Two Dollars and Thirty Four Cents ($50,672.34) in addition to the unpaid
wages set forth in Paragraphs 17, 21 and 27, in accordance with 29 U.S.C. §216(b) because the
City has willfully and repeatedly violated the FLSA.

## Count VI.  Attorney's Fees and Expenses of Litigation

31.

Mr. Gresham incorporates by reference all of the allegations contained in paragraphs 1
through paragraphs 30.

32.

The City's failure and refusal to make the above payments to Mr. Gresham in accordance
with its legal obligations is in bad faith, is intended to require and has required Mr. Gresham to
incur the trouble, inconvenience and expense of attorney's fees and expenses of litigation to deter
him from seeking payment of unpaid wages due him.  Mr. Gresham seeks an award of same.

**WHEREFORE,** Mr. Gresham prays for the following:

a.      That Summons and Process issue and that the City be served in the manner
        provided by law;

b.    That the City be required to answer this complaint;

c.    That he be awarded judgment against the City for unpaid wages in the amount of

$50,672.34, liquidated damages in the amount of $50,672.34 and an award of

attorney's fees and expenses of litigation; and

d.    That he have such other and further relief as this Court deems just and equitable.

MITCHELL WARNOCK, LLC

C. Mitchell Warnock, Jr.
Attorney for Plaintiff
State Bar No. 738102

1104 Bellevue Avenue
Dublin, Georgia 31021
(478) 275-8119